**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

BARBARA BERKOWITZ on behalf of herself and all others similarly situated

Plaintiff,

-against-

RICHARD SOKOLOFF

Defendant.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 1 3 2009 ★
LONG ISLAND OFFICE

CV 09 0135

WEXLER, J.

WALL, M.J.

**CLASS ACTION COMPLAINT**

***Introduction***

1. Plaintiff Barbara Berkowitz seeks redress for the illegal practices of Richard Sokoloff concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

***Parties***

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to a medical provider.

4. Defendant's principal place of business is located in Suffolk County, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

***Jurisdiction and Venue***

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9. On information and belief, on a date better known by defendant, defendant attempted to collect an alleged consumer debt from the plaintiff.

10. Upon information and belief, the defendant the sent plaintiff a collection letter dated January 3, 2008.

11. Said letter was received by the plaintiff on or about January 9, 2008.

12. On January 15, 2008 the plaintiff sent the defendant a cease and desist letter both via fax and via certified mail.

13. The plaintiff received a signed confirmation that defendant received the letter.

14. In the said letter, the plaintiff disputed the debt.

15. Furthermore in said letter the plaintiff made it clear that she did not want to discuss the matter further with the defendant.

16. The plaintiff wrote in the said letter as follows: "Contact had been made with Mr. xxxxxxx, CEO of xxxxx and I have been informed that xxxxxxxx had been paid on April 15, 2005. I have already advised the Dr.'s office and furnished them with the

check number. I don't understand why this matter is still open. All future questions that you may have should be discussed with your client."

17. Instead of acting in a legal fashion, the defendant proceeded to contact the plaintiff in an illegal fashion.

18. On January 15, 2008 plaintiff received a telephone call from Ms. Carter.

19. The plaintiff explained to Ms. Carter that xxxxxxx had been paid from the insurance company and to direct any further questions to his office. That the plaintiff had a cease and desist order in effect and not to call her again.

20. Six days after the defendant received the plaintiff's fax, on January 21, 2008, one Ms. Carter left a message on the plaintiff's answering machine.

21. On said date, the plaintiff returned Ms. Carter's call and spoke with someone named Ms. Southern.

22. The plaintiff advised Ms. Southern that there was a cease and desist.

23. Apparently, the defendant and his firm do not take cease and desist requests seriously.

24. Apparently, Ms. Southern did not check the plaintiff's file or note the file accordingly.

25. On January 22, 2008 Ms. Carter called again and left a message on the plaintiff's answering machine similar to the prior message she left on the plaintiff's answering machine.

26. The plaintiff called back the defendant's office and spoke with the defendant directly.

27. The defendant advised the plaintiff that the FDCPA is open to interpretation.

28. The defendant indicated to the plaintiff that Ms. Carter could not have called the plaintiff because the plaintiff's telephone number is not indicated on the plaintiff's file.

29. The plaintiff informed the defendant that if the plaintiff heard from the defendant's firm again, the plaintiff would file a grievance.

30. Apparently the defendant takes a cavalier attitude towards compliance with the FDCPA.

31. The defendant responded do whatever you have to do, we are not in violation.

32. The defendant did not take any interest in attempting to comply with the FDCPA.

33. In essence, the defendant accused the plaintiff of lying.

34. On January 24, 2008 Ms. Carter contacted the plaintiff again and left a message on the plaintiff's answering machine.

35. The defendant continued to show his cavalier attitude towards the FDCPA as Ms. Carter left yet another message for the plaintiff on her answering machine on February 1, 2008.

36. The messages that Ms. Carter left on the plaintiff's answering machine on January 21, and January 22, 2008 were further violative of the FDCPA.

37. At the time that Ms. Carter left the said two messages on the plaintiff's answering machine, the plaintiff had a contractor employed performing work in the plaintiff's home.

38. Ms. Carter left the messages including the fact that she was calling concerning a debt owed to xxxxxx, a medical provider.

39. Ms. Carter disclosed sensitive information to an unauthorized third party.

40. Ms. Carter did not merely indicate that the communication was from a debt collector.

41. Ms. Carter disclosed the name of the creditor, in this case being a medical provider.

42. Plaintiff became outraged because she believes that her privacy rights under HIPAA have been violated.

43. Defendant and his firm engaged in a campaign to harass the plaintiff into paying a debt which she rightfully believed she did not owe.

44. Defendant and his firm engaged in an illegal campaign to continue to attempt to collect a debt which was properly disputed in writing by the plaintiff.

45. Plaintiff became outraged because her contractor knew that she was being pursued for collection by a collection attorney.

46. Plaintiff felt that her privacy rights were violated.

47. Plaintiff was upset that her efforts to explain that the debt had already been paid were ignored.

48. Plaintiff was upset because she wrote a letter and received confirmation that the letter was received to cease and desist from contacting her, and the said letter was ignored.

49. Plaintiff was upset because Sokoloff himself told the plaintiff that it was impossible that the plaintiff was called by the defendant's law firm.

50. Plaintiff has the recordings of the telephone messages.

51. Plaintiff has suffered emotional distress damages.

52. Defendant violated 15 U.S.C. §§ 1692c, 1692g, 1629e(10) and 1692f.

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.***

53. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-52 as if set forth fully in this Cause of Action.

54. This action is brought on behalf of plaintiff and the members of a two classes.

55. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who properly disputed a purported debt with the defendant or who directed the defendant to cease and desist from contacting the debtor and where there were further illegal attempts to collect the purported debt within one year prior to the filing of the complaint up to the date of the filing of the complaint in violation of 15 U.S.C. §§ 1692c, 1692g, 1692e(10) and 1692f.

56. Class B consists of those consumers who received telephone messages where the message was heard by an unauthorized third party in violation of 15 U.S.C. § 1692c.

57. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephonic messages and conversations are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

58. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

59. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

60. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

***Violations of the Fair Debt Collection Practices Act***

61. The actions of the defendant violate the Fair Debt Collection Practices Act.

62. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k); actual damages for the plaintiff also pursuant to 1692k.

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
January 12, 2009

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)